AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

In the Matter of the Search of )
)
A mobile/manufactured home located at 9100 Tejon, ) Case No. 20-sw-00183-MEH
#210 (Pikes Peak Drive), Federal Heights, Colorado )
80260, to include any outbuildings, storage buildings, and )
detached garages. )
)
more fully described in Attachment A, attached hereto. )
)
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __State and__ District of __Colorado__ *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT A"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establishes probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before __February 25, 2020__ *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Michael Hegarty__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*.   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 02/11/2020, 2:31 pm          *Michael E. Hegarty*
                                                    *Judge's signature*

City and state:   Denver, CO                        Michael Hegarty
                                                    United States Magistrate Judge
                                                    *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Description of Location to be Searched

**LOCATION #1** – A mobile/manufactured home located at 9100 Tejon, #210 (Pikes Peak Drive), Federal Heights, Colorado 80260, to include any outbuildings, storage buildings, and detached garages.   The mobile/manufactured home is dark blue with white trim around the windows and door.   There is a covered patio extends over the front door and is white with white pillars.   The railing leading to the front door are white.   The front door appears to be a dark red in color.   The number "210" is attached vertically in black and located on the white trim on the corner of the house located closest to the street.

See photos below.







# **ATTACHMENT B**

# **DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED**

Evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841 (possession with intent to distribute and distribution of a controlled substances), and 846 (conspiracy to distribute a controlled substance) and 18 U.S.C. § 1956 (money laundering), particularly the following:

1. Any and all controlled substances, including methamphetamine, heroin, cocaine, and fentanyl.

2. Items used to measure and distribute controlled substances, such as scales and baggies.

3. Firearms and/or ammunition.

4. Photographs, images, and videos showing controlled substances, people with controlled substances, firearms near controlled substances, and cash.

5. Monetary instruments, including cash.

6. Any documents related to or used to assist in the procurement or distribution of controlled substances, including but not limited to notes, customer lists, supplier lists, correspondence, ledgers, and records related to travel, including for instance including gas receipts.

7. Evidence of the identity of co-conspirators, suppliers of controlled substances, and purchasers of controlled substances, such as telephone and address books, telephone bills or toll records, diaries, ledgers, journals, papers, caller identification devices, cellular telephones, telephone records, and electronic rolodexes which reflect names, addresses, and/or telephone numbers of individuals.

8. Any information identifying associates engaged in distributing or purchasing controlled substances and/or the laundering of proceeds related to distribution of controlled substances.

9. Currency, financial instruments, and/or records relating to the laundering, secreting, and/or distribution of monies related to the proceeds of procuring or distributing of controlled substances, and any and all financial documents and records which may evidence financial transactions relating to obtaining, transferring, laundering, secreting or spending the proceeds of the sale of controlled substances.

10. Any safe deposit box keys, storage keys or records pertaining to safe deposit boxes or storage units or areas where controlled substances may be located.

11. Indicia of ownership or occupancy of the searched property and items seized.

12. Electronic devices, including cellular phones.

13. For the electronic devices (hereinafter COMPUTERS):

    a. evidence of who used, owned, or controlled the COMPUTERS such as logs, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, user profiles, e-mail, e-mail contacts, "chat" or instant messaging logs, photographs, and correspondence;

    b. evidence of software that may allow others to control the COMPUTERS, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence of the attachment to the COMPUTERS of other storage devices or similar containers for electronic evidence;

    e. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTERS;

    f. evidence of the times the COMPUTERS was used;

    g. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTERS;

    h. contextual information necessary to understand the evidence described in this attachment;

    i. volatile data necessary to preserve evidence prior to powering-off and unplugging a running computer.

    j. Records and information, including texts, emails, photographs or videos of or about controlled substances or people possessing, obtaining, distributing, or using controlled substances or holding firearms;

    k. any and all information, notes, documents, records, or correspondence, in any format and medium, pertaining to violations of 21 U.S.C §§ 841 and 846 and 18 U.S.C. § 1956.

    l. Items otherwise described in this attachment but contained on an electronic device of any sort.

DEFINITIONS:

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as film, prints, videos, or photocopies).

As used above, the terms "computers", or "digital storage media" are intended to include any physical object upon which computer data can be recorded as well as all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices capable of performing logical, arithmetic, or storage functions, including desktop and laptop computers, mobile phones, tablets, server computers, network hardware, hard disks, RAM, flash memory, and other electronic storage media.